Hornblovver, C. J.
This was an Indictment against Thomas Fox and Elizabeth Fox, for selling liquor by the small measure, contrary to the statute.
The Indictment charges, that they “ did wilfully and knowingly, sell by retail, and cause and knowingly permit to be sold by retail, on and for their own account, and for their benefit, to one Andrew White, one half-gill of ardent spirits,” without specifying the kind of spirits. On the trial, it appeared in evidence, that the defendants Elizabeth and Thomas were partners in the grocery business — that Thomas was the son of Elizabeth and resided in the house with her; that sometimes the one and sometimes the other attended the shop and sold and delivered goods: that the liquor in this case was sold by Elizabeth, Thomas not then being present; but on other occasions when she had retailed liquor by the small measure, he had been present and made no objection to it. The liquor sold to White, was brandy. — The Court charged the Jury, that the Indictment was sufficient, although it did not specify the liquor, and that they might convict one or both of the defendants, according to the evidence. The j ury found a general verdict of guilty, against both defendants, and judgment was suspended until the advisory opinion of this Court could be obtained.
This indictment is clearly defective, in not specifying what kind of ardent spirits had been sold. The words of the statute, [Rev. Laws, 744, Section 4,) are “ any wine, gin, whiskey, cider spirits, brandy, or other ardent spirits, or any composition, &c.” If therefore the offence was committed by selling gin, whiskey, *153 cider spirits or brandy, the indictment should have so stated : and if it was any “ other ” kind of “ ardent spirits,” the indictment-should have specified what other kind, it was. Such specification is necessary, not only to enable the defendant to plead intelligently, but to prepare for his defence. — If charged with retailing any of the liquors named in the statute, or any other specified description of ardent spirits, he may be able to show, that ho did not deal in that article, and had none of it in his store.
The other objection, that the indictment is against two, cannot be sustained. Two or more may be indicted for one and the same offence, and if they are joint owners, and the liquor is sold, by one of them or by their clerk or agent, for their joint account and benefit, with the knowledge of all of them, all may be convicted; or if sold by one of them, or by a clerk with the knowledge of only one of the defendants, he may be convicted alano.

Judgment must therefore he arrested.

Ford and Ryerson, Justices, concurred.